Iiis- Honor, ’CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Plaintiff attempts to hold the defendant liable for the amount of a check which it deposited with defendant for collection and which defendant failed to collect.
Plaintiff alleges that on December 5th, 1911, it had an account in the Peoples’ Bank of Summit, Mississippi; that on that day it drew a check for $1,500 on said bank, in which it, had sufficient funds, to the order of the defendant, the Hibernia Bank & Trust 'Company, and transmitted it for collection to said bank, with special instructions to protest same and wire to petitioner in case of non-payment; that on December 19th, 1911, said-Peoples’ Bank failed and went into the hands of a receiver; that on December 20th, 1911, defendant informed the plaintiff by mail that said check had not been paid and returned it to plaintiff; plaintiff charges negligence on the part of *426 defendant in failing to have said cheek paid, or in failing to have it protested for non-payment, and for notifying it “too late for petitioner to take other steps to collect said check.”
This suit was filed on November 26th, 1913.
The defendant admitted that it received said check for collection, but denied that plaintiff received notice of the non-payment of said check only on December 20th, and avers that it received notice on December 15th, 1911, and that it was not necessary to protest the check; it admits failure of the bank; it avers that as soon as it received the check it remitted it in the usual course of business and endeavored to collect it; that it was advised by the Peoples’ Bank that it had remitted directly to the Security Bank; therefore it returned the check to the latter bank which credited its account with $1,500 since December 19th, 1911.
There was judgment for defendant and plaintiff has appealed.
The only witness for plaintiff is W. H. Dilatush, auditor of plaintiff 'bank. He testifies that the check was returned to the bank by mail on December 19th, 1911, ‘ ‘ and the communication annexed to the petition was received by the plaintiff bank at the time the check was returned.” But no communication of any date by the defendant to the plaintiff is in the record.- He further testifies that “the plaintiff bank during the period December 6th to December 18th, 1911, received no notice from the defendant in regard to said check other than the communication received December 19th, 1911, from the defendant bank returning the check.” He repeats “The first and only notice of non-payment- received by the plaintiff bank was on December 19th, 1911, from a letter *427 written by the defendant bank dated December 18th, 1911, in which they advised non-payment and returned the check. * * * "We acknowledged the receipt of the returned check to the defendant on December 19th, 1911, tlie day we received their letter. We at the same time protested at the delay and failure to protest for nonpayment and delay in advising us of non-payment.”
J. B. Pike, the assistant cashier for the defendant testified that the bank did not receive positive notice of the non-payment of the check until December 18th, when the check was returned from the.Peoples’ Bank at Summit with the statement that the amount, had been remitted directly to the plaintiff; that the defendant immediately returned the check to the plaintiff with the same information; that as a matter of fact the defendant bank had already notified the plaintiff on December 15th, that the check had not been paid. To corroborate his testimony this witness filed a letter written by the vice-president of the plaintiff to the defendant in which he says: “'On December 5th, we sent you in our regular letter our check on the Peoples’ Bank, Summit, Miss., for $1,500. On yesterday you returned it to us as unpaid. We have received no notice of it not having been paid until the 15th, before the return of the check, etc.” That on December 19tb, 1911, the plaintiff acknowledged receipt of the check stating that the .amount thereof, $1,500, had been credited to the account of the defendant; that under the custom of banking after such an .advice, the transaction became final and closed.
It is evident that the failure of the defendant to have the check protested did not cause the plaintiff any damage as there was no one to hold upon the check except the plaintiff himself.
*428 The omission of the defendant to have wired 'the nonpayment of the check, or to have informed the plaintiff of that fact sooner, can avail the plaintiff only on the theory that by reason of said omission the plaintiff was precluded from taking “other steps to collect said check.” What other steps, the plaintiff does not set forth. The check was transmitted on Tuesday, December 5th; it reached New Orleans on Thursday the 7th; it was mailed on the same day to Summit which it reached on Friday the 8th; ho remittance could have been reasonably expected from the bank a,t Summit before Monday, the 11th, on account of the intervening Saturday and Sunday; if we allow one day for tracers we reach December 12th, when for the first time, defendant could have been assured that the check was not paid and could have so advised the plaintiff: But the defendant notified the plaintiff only on the 15th, and t'he bank failed on the 19th. Was the plaintiff’s position worse on the fifteenth than it would have been on the 12th, or could it have taken any other steps on the 12th that it could have not taken on the fifteenth? We think not. The distance' from Memphis to Summit can be covered in a few hours by rail. The plaintiff, had from the 15th to the 19th, when the bank failed, or full four days, to take any conservatory steps it might have determined upon to protect its interest, if, indeed any could have availed it under the circumstances. It might have sent a special .agent there, or it might have employed .a resident agent there, and thus made an attempt. But on the contrary, it took no steps of any kind, evidently submitting to the inevitable. In due course of business it credited the defendant with the amount of $1,500; but after nearly two years of rest it woke up to file this suit. The learned trial Judge was of the opinion that plain *429 tiff’s claim was not well founded and so are we. See Merchants National Bank of Vicksburg vs. Whitney Central National Bank decided by this Court on November 8th, 1915.
Opinion and decree, May 8th, 1916.
Rehearing refused, June 12th, 1916.
Writ applied for but not as yet passed upon.. Jui v Mth,. 1916.
Judgment affirmed.